

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
April 7, 2020 01:02 PM
    AFTAB PUREVAL
   Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 936484
```

**WARDELL GLENN AYERS**        **A 2001552**

**vs.**

**STAR CONSTRUCTION OF FLORIDA LLC**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND

## PAGES FILED: 7

EFR200



VERIFY RECORD

## IN THE COURT OF COMMON PLEAS
## CIVIL DIVISION
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **WARDELL GLENN AYERS** | : | **CASE NO:** |
| c/o Minnillo & Jenkins Co., LPA | : | |
| 2712 Observatory Avenue | : | |
| Cincinnati, Ohio 45208 | : | **JUDGE:** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **STAR CONSTRUCTION OF** | : | **COMPLAINT** |
| **FLORIDA, LLC d/b/a** | : | |
| **STAR CONSTRUCTION, LLC** | : | |
| 6621 Ashville Highway | : | |
| Knoxville, Tennessee 37924 | : | |
| **Please Serve:** | : | |
| CT Corporation System, R/A | : | |
| 4400 Easton Commons Way #125 | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| And | : | |
| | : | |
| **GT EXCAVATING LLC** | : | |
| 12000 Rice Road | : | |
| Moores Hill, Indiana 47032 | : | |
| **Please Serve:** | : | |
| Trevor Jordan Niebrugge, R/A | : | |
| 12000 Rice Road | : | |
| Moores Hill, Indiana 47032 | : | |
| | : | |
| And | : | |
| | : | |
| **John/Jane Does, 1-10** | : | |
| | : | |
| And | : | |

| | |
|---|---|
| **UNITEDHEALTH GROUP d/b/a** | : |
| **GOLDEN RULE INSURANCE** | : |
| **COMPANY** | : |
| United Health Group | : |
| P.O. Box 1459 | : |
| Minneapolis, Minnesota 55440-1459 | : |
|    **Please Serve:** | : |
|    CT Corporation Systems, R/A | : |
|    1010 Dale St. N | : |
|    St Paul, MN 55117–5603 | : |
| | : |
|        Defendants. | : |

For his Complaint against defendants Star Construction, LLC, assumed name of Star Construction of Florida, LLC, ("Star"), GT Excavating LLC ("GT"), John/Jane Doe(s) 1-10 and UnitedHealth Group d/b/a Golden Rule Insurance Company ("Golden Rule"), plaintiff Wardell Glenn Ayers ("Ayers") states and avers as follows:

## NATURE OF THE ACTION

1. This is a personal injury action arising out of an occurrence on or about July 7, 2019 along 3rd Street in Cincinnati, Hamilton County, Ohio.

## JURISDICTION AND VENUE

2. Personal jurisdiction and venue are appropriate in this Court action because plaintiff is a resident of Hamilton County, Ohio, defendants Star and GT were contracting to do business in Hamilton County, Ohio, and the incident occurred in Hamilton County.

3. This Court has subject matter jurisdiction over this action because the amount in controversy is in excess of $25,000.00.

## PARTIES

4. Plaintiff is an adult male resident of Hamilton County, Ohio.

5. Defendant Star is a Delaware corporation with its principal place of business in Tennessee who, at all times relevant, was contracting and doing business in Hamilton County, Ohio.

6. Defendant GT is an Indiana corporation, with its principal place of business in Dearborn County, Indiana who, at all times relevant, was contracting and doing business in Hamilton County, Ohio.

7. John/Jane Doe(s) 1-10 are person(s), corporation(s), or other entity(ies) responsible for the tortious conduct which caused injury to plaintiff. The true names and addresses of John/Jane Doe(s) 1-10 could not be discovered by plaintiff through the exercise of reasonable diligence.

8. Defendant Golden Rule provided health insurance to plaintiff and is named in this complaint solely due to its potential subrogation interest in this matter.

## **FACTS**

9. Star was the general contractor for the City of Cincinnati pursuant to a street excavation project located along 3rd Street between Plum and Walnut Streets in Cincinnati, Hamilton County, Ohio ("Project").

10. As the general contractor, Star was responsible for coordinating the work of its sub-contractor(s).

11. As the general contractor, Star was responsible for Project safety, including the obligation to maintain a safe working environment by, among other things, implementing appropriate safety measures to protect the public at large during working and non-working hours.

12. GT was a subcontractor for Star on the Project.

3

13. Star and GT performed work on the Project pursuant to Permit Number TPZ1810171 ("Permit") issued by the City of Cincinnati.

14. Pursuant to the Permit, the Project commenced on or about December 3, 2018.

15. The Permit mandates that Contractor abide by multiple safety-related requirements, including but not limited to the following requirement at Note 13:

> "No equipment or material storage will be allowed on site during non-working hours, unless it is behind an established work zone that is [*sic*.] the City has given approval to be left in place. Only materials and equipment to be used for that day's work shall be brought to the site."

16. As of July 7, 2019, the Project was ongoing and not yet complete.

17. Upon information and belief, no work was performed on the Project on July 7, 2019.

18. Prior to July 7, 2019, defendants had left behind construction material it intended to use for the Project, namely several long metal pipes along the sidewalk and curb adjacent to the south side of 3rd street between Race and Vine and Streets.

19. The exposed material was not properly stored nor protected by a barricade, an established work zone or any other protective means.

20. Moreover, there were no warnings, cautions or other means of notifying the public of the exposed material and attendant dangers associated with said material.

21. While the sun was still shining, plaintiff was crossing 3rd street from north to south to enter a private vehicle parked on the south side of 3rd street, facing west, between Race and Vine Streets.

22. As plaintiff approached the car from the north, he walked east, around the back of the car to enter the rear driver's side door.

4

23. Immediately upon turning the corner around the rear of the vehicle, plaintiff attempted to step on to the curb and sidewalk adjacent to the vehicle.

24. Instead, plaintiff stepped on to the exposed pipes, causing him to lose his balance and fall, resulting in severe and permanent injury.

25. Plaintiff was not responsible for nor did he contribute to his own injuries.

26. Plaintiff did not breach any duty, nor did he commit any act or omission which in any way contributed to or caused his injuries.

## COUNT ONE – NEGLIGENCE
### (STAR, GT, AND JOHN DOE(S) 1-10, ONLY)

27. Defendants Star and/or GT and/or John Doe(s) 1-10 owned and/or were in possession and control of the pipes that caused plaintiff's injuries and had both a contractual and common law duty to provide a safe working environment and Project site by, among other things, keeping the sidewalk where plaintiff was injured free of obstruction or hazard.

28. Defendants Star and/or GT and/or John Doe(s) 1-10, individually and by and through their agents and/or employees and/or servants, among other things, failed to maintain a safe worksite, failed to properly store or otherwise safeguard the subject construction materials, failed to comply with the safety related Permit requirements, and failed to properly warn against the hazard which the exposed construction materials created to the general public.

29. Defendants Star and/or GT and/or John Doe(s) 1-10 knew or should have known that their above referenced actions and/or omissions would cause injury to others.

30. Defendants' actions and/or omissions referenced above on proximately caused plaintiff's injuries.

31. As a direct and proximate result of the actions and/or omissions of Star and/or GT and/or John Doe(s) 1-10, plaintiff suffered severe and permanent bodily injury which has caused and will continue to cause pain, suffering and mental anguish.

32. As a direct and proximate result of the actions and/or omissions of Star and/or GT and/or John Doe(s) 1-10, plaintiff has incurred reasonable and necessary medical, hospital and related expenses.

33. As a direct and proximate result of the conduct and/or omissions of Star and/or GT and/or John Doe(s) 1-10, plaintiff has lost income in an amount yet to be determined.

### COUNT TWO – SUBROGATION
### (GOLDEN RULE ONLY)

34. Plaintiff incorporates all above allegations as if fully restated herein.

35. On July 7, 2019, plaintiff had a health insurance policy with Golden Rule.

36. Plaintiff's ID number under his policy of insurance was 095547996.

37. A copy of the policy is not attached hereto because it is voluminous, but Golden Rule has a copy in its possession.

38. Upon information and belief, plaintiff may have had medical assistance with or received payments for care and treatment rendered due to injuries sustained in the aforementioned events from defendant Golden Rule.

39. Defendant Golden Rule is or may be subrogated to a portion of plaintiff's claims against defendants and should be required to assert its interests or otherwise be forever barred from doing so as any party hereto.

40. Plaintiff states that defendant Golden Rule has or may have an interest in this action and should assert its right of subrogation at this time or forever be barred from doing so.

6

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Wardell Glenn Ayers demands judgment against defendants Star Construction, LLC, assumed name of Star Construction of Florida, LLC, ("Star"), GT Excavating LLC ("GT"), John/Jane Doe(s) 1-10, jointly, severally and individually, for compensatory damages in an amount in Excess of Twenty-Five Thousand Dollars ($25,000.00), as well as damages for pain and suffering, lost wages, medical expenses, other economic and non-economic loss, prejudgment and post-judgement interest, attorneys' fees and costs incurred herein and in any additional amount this Court and/or the trier of fact may deem appropriate.

**WHEREFORE**, plaintiff further demands Golden Rule set forth its subrogation claim, if any, or forever be barred from the collection thereof.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**

/s/ *Stuart W. Penrose*
Stuart W. Penrose (0090964)
Robb S. Stokar (0091330)
2712 Observatory Avenue
Cincinnati, OH 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
spenrose@minnillojenkins.com
rstokar@minnillojenkins.com

*Trial Attorneys for Plaintiff*